

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

James E. Berger
james.berger@dlapiper.com
T   212.335.4715
F   212.884.8715

February 8, 2023

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

   Re:  *Acorda Therapeutics, Inc. v. Alkermes Plc, 23-cv-223-NRB*

Dear Judge Buchwald:

  Pursuant to Paragraph 2(E)(1) of the Court's Individual Practices, Petitioner Acorda Therapeutics, Inc. ("Acorda") submits the following letter outlining the substantive arguments advanced in its Memorandum of Law in Support of Petition to Confirm Arbitral Award in Part and Modify in Part ("Memorandum," ECF No. 3).[1]

  The arbitral award ("Award," ECF No. 6-1) that is the subject of Acorda's Petition to Confirm Arbitral Award in Part and Modify in Part ("Petition," ECF No. 1) was rendered in an arbitration between Acorda and Alkermes PLC ("Alkermes"). The parties' dispute in the arbitration pertained to the license and supply agreements between Acorda and Alkermes related to the manufacture and sale of the multiple sclerosis drug, Ampyra, which was developed by Acorda. After its final patent (the "'938 Patent") expired in July 2018, Alkermes demanded that Acorda continue paying the same royalties under the parties' existing agreements. Acorda therefore commenced arbitration, seeking, *inter alia*, a ruling that Alkermes's ongoing royalty demands were unlawful under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), and that Acorda was entitled to a refund of all royalties paid after the expiration of the '938 Patent.

  The arbitral tribunal ("Tribunal") found in favor of Acorda, ruling that "Alkermes was leveraging its patent to illegally obtain royalties beyond the life of the '938 Patent," and holding that "this is precisely the conduct that was outlawed under *Brulotte*." Award at 10. The Tribunal concluded that because "Alkermes continued to charge the same exact royalty after the '938 Patent expired," under binding Supreme Court precedent, "these post-patent royalties charged by Alkermes are 'unlawful *per se*' and are not enforceable." *Id.* The Tribunal further determined that

---

[1] Because these proceedings were commenced with the simultaneous filing of the Petition and Memorandum before the matter was assigned to this Court, Acorda was not in a position to file this letter with its opening Memorandum. Acorda does so at this time in order to comply with Court's Individual Practices.

Hon. Naomi Reice Buchwald
February 8, 2023
Page 2

under New York law and federal patent law, which the parties agreed would govern the arbitration, "both the License and Supply Agreements are **UNENFORCEABLE**." *Id*. at 17 (capitalization and emphasis in original). The Tribunal concluded its analysis by stating that "[a]ll of the payments Acorda made after the '938 Patent expired were improper as Alkermes was no longer to entitled to any royalty payments." *Id*. at 18.

Yet despite ruling unambiguously that the parties' agreements, and the royalties thereunder, were unenforceable as of July 2018 under *Brulotte* and its progeny, the Tribunal invoked a judicially-created state law doctrine—the New York "Voluntary Pay Doctrine"—to allow Alkermes to retain millions of dollars in illegal royalties that it collected before Acorda formally "protested" that such royalties were illegal. By supplanting clear federal law with a state law doctrine, the Tribunal allowed Alkermes to keep approximately **$65 million** in illegal royalties that the Tribunal found were "unlawful *per se*" and collected in clear violation of the law.

Although "arbitration panel determinations are generally accorded great deference," *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997), "great deference … is not the equivalent of a grant of limitless power," *Leed Architectural Prods., Inc. v. United Steelworkers of Am., Local 6674*, 916 F.2d 63, 65 (2d Cir. 1990), and "the arbitrator is not free merely to 'dispense his own brand of industrial justice,'" *Saint Mary Home, Inc. v. Serv. Emps. Int'l Union, Dist. 1199*, 116 F.3d 41, 44 (2d Cir. 1997). Awards may be modified or vacated where they are rendered in "manifest disregard of the law," such as where an arbitrator's decision "strains credulity" or "does not rise to the standard of 'barely colorable,'" or where an arbitrator "willfully flouted the governing law by refusing to apply it." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 217-18 (2d Cir. 2002); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3, 676-77 (2010) (applying manifest disregard doctrine where tribunal imposed its own policy); *New York Tel. Co. v. Commc'ns Workers Local 1100*, 256 F.3d 89, 93 (2d Cir. 2001) (applying doctrine where tribunal ignored controlling precedent).

Here, the Tribunal's application of a state law doctrine to limit Acorda's damages was in manifest disregard of, and undermined the effect of, federal law set forth in *Brulotte* and the Patent Act for at least the following reasons:

*First*, the Tribunal manifestly disregarded the law by applying state law in clear derogation of clearly applicable federal patent law. The parties fully briefed, and the Tribunal was well aware of, the controlling law of *Brulotte* and its progeny. The Supreme Court has repeatedly and emphatically held that state laws may not interfere with the federal patent laws by offering "patent-like protection to the subject matter of the expired patent." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 152, 165 (1989). Yet, that is precisely what the Tribunal did in this case. By allowing Alkermes to retain tens of millions of dollars in illegal royalty payments that it demanded and collected after its patent expired, the Award effectively endorses Alkermes's gross misuse of monopoly power, unlawfully extends the term of Alkermes's patent beyond the statutory period, and upends the entire framework governing the Patent Act as repeatedly emphasized by the Supreme Court in *Brulotte* and its progeny.

Hon. Naomi Reice Buchwald
February 8, 2023
Page 3

*Second*, by allowing Alkermes to obtain a $65 million windfall by retaining royalty payments collected after the expiration of its final patent, the Award also gives effect to agreements that the Tribunal—and Supreme Court—determined were illegal.  The Tribunal's ruling therefore violates the fundamental rule that "no court will lend its assistance in any way towards carrying out the terms of an illegal contract."  *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77 (1982) (internal quotation marks and citation omitted); *see also Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, No. 20-CV-5120 (LJL), 2022 WL 3536128, at *6 (S.D.N.Y. Aug. 17, 2022) ("The courts will not, of course, lend their hand in enforcing an illegal contract.").

Thus, Acorda seeks an order modifying that portion of the Award in which the Tribunal manifestly disregarded applicable and preemptive federal law by permitting Acorda to recover those illegal royalties that were demanded and collected after July 2018.

Finally, where, as here, an arbitral award is governed by the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), it must be confirmed by the courts of a signatory nation unless the party resisting confirmation can demonstrate that one of a series of specified reasons for non-recognition is present.  With the exception of the portion of the Award that should be modified, as discussed above, the balance of the Award must be confirmed, as the parties and the Tribunal followed the parties' arbitration agreement and the applicable arbitral rules, and no grounds for nonrecognition applies.

Accordingly, by its Petition, Acorda requests an order (i) modifying the Award to allow Acorda to recover all of the illegal royalties that were demanded and collected after July 2018; (ii) confirming the Award, as modified pursuant to the Petition; (iii) entering judgment in Acorda's favor in the amount of the Award, as modified pursuant to the Petition, with pre- and post-award interest and costs as provided therein and as authorized by law, plus the costs of this proceeding; and (iv) awarding Acorda such other and further relief as this Court deems just and proper.

Acorda further respectfully requests oral argument on the Petition.

Respectfully submitted,

*/s/ James E. Berger*
James E. Berger

cc:   Brian T. Burgess
      Jeffrey A. Simes
      Louis Lobel
      John S. Gibson
      Michael A. Sitzman