# EXHIBIT 3



Christopher T. Holding
+1 617 570 1679
CHolding@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA  02210

goodwinlaw.com
+1 617 570 1000

February 23, 2021

Hon. Jose Linares (Jlinares@mccarter.com)
Hon. Arthur Gajarsa (Arthur.gajarsa@wilmerhale.com)
Hon. Robert Smith (Rsmith@fklaw.com)

Re:   *Acorda Pharmaceuticals, Inc. v. Alkermes PLC*, Case No. 01-20-0010-8421,
       Letter No. 2 by Respondent Alkermes Requesting Permission to File Motion to
       Dismiss Acorda's Claims Seeking a Refund

Dear Members of the Panel:

Pursuant to Paragraph 10(a) of the Case Management Order, Alkermes PLC ("Alkermes") submits this letter seeking leave to file a motion to dismiss Claimant Acorda Therapeutics, Inc. ("Acorda")'s claims to require Alkermes to repay to Acorda any royalties Acorda already had paid pursuant to the express terms of the parties' agreements.  Acorda seeks this relief in four counts of the Demand: (i) Declaratory Relief as to Return of Overpayment (Third Claim); (ii) Unjust Enrichment by Retaining Overpayments (Fourth Claim); (iii) Breach of Amended and Restated License Agreement for "retaining and refusing to return" alleged overpayments (Fifth Claim); and (iv) Breach of the Implied Covenant of Good Faith and Fair Dealing for the same (Eighth Claim).

While Acorda styles these sums as purported "overpayments," in fact Acorda paid no more than the parties' agreements specifically required.  The question, therefore, is whether – assuming Acorda were correct on the merits of its patent misuse arguments – Acorda would be entitled to force Alkermes to return the funds Acorda already had paid.  The clear answer is "no": under the principles of *Brulotte*, the terms of the parties' agreements, and governing New York law, no refund remedy could be awarded as a matter of law; at most, the royalty obligations would become unenforceable going forward.  Therefore, all claims for a refund can and should be dismissed now.

Acorda no doubt will argue it made its payments "under protest."  For present purposes, the Panel need not address whatever significance payment under protest may have in this matter.  There can be no dispute that Acorda did not first raise any "protest" under *Brulotte* until April 2020.  *See* Amended Answer and Counterclaims, ¶ 119; Ex. 1.  For simplicity, Alkermes will therefore limit its proposed motion to bar refunds of payments made prior to April 2020, leaving for later stages of the arbitration the question of whether refunds of payments made under protest would be permissible here (which Alkermes disputes).

The Panel should grant Alkermes leave to file its proposed motion, because dismissal of Acorda's refund claims will substantially narrow the legal issues and scope of discovery, maximizing both the efficiency and economy of this arbitration consistent with the governing AAA rules.

I.    **Acorda's Claims for a Refund Are Barred by the Agreement and Applicable Law**

      A.    **A Refund Is Not A Permitted Remedy Under *Brulotte***

Even assuming for the purposes of this letter (and contrary to the evidence) that the provisions requiring ongoing royalty payments after July 2018 were unenforceable under *Brulotte*, Acorda

1

February 23, 2021
Page 2

would not be entitled to any refund of royalties already paid. Any relief for patent misuse is only forward-looking; courts have not applied *Brulotte* retroactively to mandate the return of payments already made. *See, e.g.*, *Zila v. Tinnell*, Order dated 4/22/04 (D.I. 172), Case No. 2:00-CV-1345 (D. Nev.), at 3 (dismissing a claim for refund of royalties under *Brulotte* in part because "a party has no claim in restitution for performance that he has rendered . . . in return for a promise that is unenforceable on grounds of public policy"), *aff'd*, 502 F.3d 1014, 1027 n.11 (9th Cir. 2007); *Tessera, Inc. v. Toshiba Corp.*, 2019 WL 5395158, at *6 (N.D. Cal. Oct. 22, 2019) (holding *Brulotte* does not support an order to refund royalties already paid but instead "would only exclude [patentee's] affirmative claim for unpaid royalties due after expiration of a patent"); *Phillips Screw Co. v. Amtel, Inc.*, 465 F.Supp. 3, 7 (D. Mass. 1978) (denying a claim for refund of royalties under *Brulotte*). Accordingly, Acorda's claims for a refund of royalty payments that Alkermes has already received are unsupportable under *Brulotte*.

### B.   The License Agreement Prohibits Refunds of All Payments Received

The License Agreement prohibits refunds of payments that Acorda has already made to Alkermes. Article 5.8 of the License Agreement states, "***All payments received*** by [Alkermes] from Acorda under Article 5 ***shall be non-refundable***," subject to the audit provision in Article 5.9.5. Demand Ex. A (emphasis added). While Article 5.9.5 allows the Parties to "provide each other's independent certified accountants" access to each other's books and records "solely for the purpose of verifying the accuracy and reasonable composition of the calculations," it does not permit the parties to second-guess the legal question of whether the royalty was enforceable. Nothing in the agreement contemplates, let alone requires, that Alkermes refund royalties already paid by Acorda that properly compute the royalty due by multiplying the product sold by the applicable royalty rate. In fact, quite the opposite—the Agreement dictates that such payments are "non-refundable."

Even in the unlikely circumstance that the ongoing royalty obligations of the Agreement are ultimately found unenforceable, that finding would have no effect on the separate provision barring refunds. *See Zila*, 502 F.3d at 1023 ("*Brulotte* does not render an entire contract void"). Indeed, the License Agreement contains a severability clause ensuring that Article 5.8 will remain in force. Article 12.4 of the Agreement states that if any provision of the Agreement "is deemed to be, or becomes invalid, illegal, void or unenforceable under any law that is applicable hereto, . . . the validity, legality, and enforceability of the remaining provisions of this Agreement shall not be impaired or affected in any way." Demand Ex. A. Therefore, even if the panel finds that royalty became unenforceable after the '938 Patent expired, that finding would not change or void Article 5.8's mandate that "[a]ll payments received . . . shall be non-refundable." In other words, even if the royalty provision were unenforceable, the provision barring refunds would not be.

### C.   A Refund Remedy Is Barred By New York's Voluntary Payment Doctrine

New York state law, which governs the Agreement (*see* Demand Ex. A at Art. 12.11), allows a refund remedy only if Acorda had made payments based on a mistake of fact, not a mistake of law. *See Dillon v. U-A Columbia Cablevision of Westchester Inc.*, 740 N.Y.S.2d 396 (App. Div. 2002) (affirming motion to dismiss because the voluntary payment doctrine precluded recovery of payments made with full knowledge of the facts), *aff'd* 790 N.E.2d 1155 (N.Y. 2003). Even assuming the truth of the matter asserted in Acorda's pleadings, any alleged overpayment by Acorda was solely due to Acorda's mistake of law—*i.e.*, its failure to recognize that the royalty requirements had (purportedly) become unenforceable under *Brulotte* in 2018. New York law provides no refund remedy for Acorda in these circumstances.

February 23, 2021
Page 3

Acorda has no plausible argument that it made a mistake of fact when it continued to pay royalties to Alkermes after the expiration of the '938 Patent. First, Acorda paid exactly what the Agreement required on its face, even assuming Acorda believed there were no Valid Claims as of July 30, 2018. Second, Acorda plainly knew when the patent expired—it was a party to the appeal where the Federal Circuit addressed the '938 Patent's expiry. *See Acorda Therapeutics, Inc. v. Roxane Labs., Inc.*, 903 F.3d 1310, 1313 (Fed. Cir. 2018). Acorda is a sophisticated party, and its "marked lack of diligence" by continuing to pay royalties without raising its *Brulotte* argument does not entitle it to the relief of a refund. *Gimbel Bros., Inc. v. Brook Shopping Ctrs.*, 499 N.Y.S.2d 435, 439 (App. Div. 1986); *see also Citicorp N. Am., Inc. v. Fifth Ave. 58/59 Acquisition Co., LLC*, 895 N.Y.S.2d 39, 39-40 (App. Div. 2010) (dismissing complaint under voluntary payment doctrine). At most, Acorda made a mistake of law, which it cannot now attempt to recast as a mistake of fact. *See Lavin v. Town of E. Greenbush*, 843 N.Y.S.2d 484, 491 (Sup. Ct. 2007).

**II.     Acorda's Claims Asking for a Refund Should Be Dismissed**

Four of Acorda's claims are premised on the assumption that Acorda is entitled to a refund for royalties paid after July 2018, but as discussed above, such refunds are barred under both the License Agreement and applicable law. All four claims should be dismissed, as follows:

i. <u>Acorda's Third Claim of "Declaratory Relief as to Return of Overpayment"</u> requests that "any overpayment by Acorda to Alkermes in connection to the License Agreement shall be repaid by Alkermes." Demand ¶ 50. Such a remedy is barred by the tenets of *Brulotte*, the express terms of the Agreement, and New York state law's voluntary payment doctrine.

ii. <u>Acorda's Fourth Claim of "Unjust Enrichment by Retaining Overpayments"</u> requests that "the amount of such overpayments [be] returned to" Acorda as "damages or restitution." *Id.* ¶ 53. But New York's voluntary payment doctrine bars recovery of damages under an unjust enrichment claim where, like here, there is no allegation of a mistake of fact or inducement by fraud. *See Daldan, Inc. v. Deutsche Bank Nat'l Tr. Co.*, 188 A.D.3d 989, 991-92 (N.Y. App. Div. 2020) (affirming dismissal of unjust enrichment counterclaim).

iii. <u>Acorda's Fifth Claim alleges a "Breach of Amended and Restated License Agreement"</u> by Alkermes "retaining and refusing to return to Acorda the substantial excess of royalty overpayments." Demand ¶ 57. Alkermes cannot be in breach when it has followed the Agreement's express terms that "[a]ll payments received . . . shall be non-refundable."

iv. <u>Acorda's Eighth Claim alleges a "Breach of the Implied Covenant of Good Faith and Fair Dealing"</u> for "retaining and improperly refusing to return to Acorda the excess royalty payments." *Id.* ¶ 78. The implied covenant only applies "in aid and furtherance of other terms of the agreement of the parties. No obligation can be implied, however, which would be inconsistent with other terms of the contractual relationship." *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 91 (N.Y. 1983) (affirming dismissal of breach of implied covenant claim). Alkermes cannot be in breach of the implied covenant for following the Agreement's express term that "[a]ll payments received . . . shall be non-refundable."

Alkermes respectfully requests the Panel's leave to file a motion to dismiss Acorda's Third, Fourth, Fifth and Eighth Claims. Acorda is not entitled to a refund under either fact or law and dismissal of these claims will substantially narrow the issues to be decided, resulting in a more economical and efficient arbitration.

February 23, 2021
Page 4

Respectfully Submitted,

/s/ *Christopher T. Holding*

Christopher T. Holding

Attorneys for Respondent ALKERMES PLC

cc: Mark Makhail, Esq. (mmakhail@mccarter.com); Counsel for Acorda Therapeutics, Inc.