# EXHIBIT 4



FEBRUARY 26, 2021
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Hon. Jose L. Linares (jlinares@mcarter.com)
Hon. Arthur Gajarsa (arthur.gajarsa@wilmerhale.com)
Hon. Judge Robert S. Smith (rsmith@fklaw.com)

Re:  *Acorda Therapeutics, Inc. v. Alkermes PLC,* AAA Arbitration No. 01-20-0010-8421; Acorda's Response to Alkermes's Letter No. 2 re Dismissal of Refund Claims

Your Honors:

Pursuant to Paragraph 10(c) of the Case Management Order, Acorda Therapeutics, Inc. ("Acorda") submits this letter in response to Alkermes PLC's ("Alkermes") Letter "No. 2" requesting permission to file a motion for an order dismissing four counts (Third Claim, Fourth Claim, Fifth Claim, and Eighth Claim) of Acorda's Demand. Alkermes's request should be denied because, at a minimum, discovery on critical issues glossed over in Alkermes's letter is required.

While Alkermes has suggested that Acorda seeks to have its cake and eat it too, Acorda respectfully suggests that Alkermes is the one trying to have it both ways:

- Alkermes opposes Acorda's request to make disputed payments under the License Agreement into escrow, but maintains that any such payments are unrecoverable, including payments made under protest (an issue Alkermes suggests "leaving for later" to resolve).
- Alkermes knew its last royalty bearing patent (the '938 Patent) had expired in July 2018 but declined to adjust the royalty assessments when Acorda raised the issue in 2019. *See* Dec. 2019 Crsp., attached as Exhibit A.
- Alkermes knew how to avoid violation of *Brulotte*, as evidenced by its agreements with other large companies (*see*, *e.g.*, 1999 Elan-Janssen Agreement, attached as Exhibit B), but used its outsized leverage in negotiations with Acorda (a much smaller company) to insist on the flawed royalty provisions at issue in the License Agreement. In the Elan-Janssen Agreement, Article 6 provides separate royalty provisions (and rates) for know-how and patents. The License Agreement at issue here does not, but Alkermes continues to assess the same royalty rate against Acorda following expiration of the '938 Patent.
- Alkermes declined to seek correction of inventorship and ownership of the Acorda Patents until months after this arbitration commenced, but now insists it had the right to collect royalties based on the *Acorda* Patents following expiration of the '938 Patent in July 2018.

Alkermes's arguments are premised on mischaracterizations of the License Agreement and applicable law. *First*, the License Agreement makes clear that the qualified refund provision in Article 5.8 is subject to the Article 5.9. look-back, audit provision: "payments received by Elan from Acorda under Article 5 shall be non-refundable ***subject to*** the [two-year retrospective audit]

Page **1** of **4**

provisions of Article 5.9.5." *Second*, New York's voluntary payment doctrine and the restitution-based claims of unjust enrichment and breach of the implied covenant of good faith and fair dealing permit recovery of wrongfully made payments due to coercion/wrongdoing or a mistake of law or fact. *Third*, *Brulotte* and its progeny make clear that any claim to royalties on an expired patent is unenforceable.

### 1. The License Agreement Does Not Prohibit Recoupment of Wrongfully Paid Royalties

Alkermes must admit that the application of the License Agreement's non-refundability provision is subject to the look-back, audit provision in Article 5.9.5. Elan (now Alkermes) and Acorda are entitled to access each other's books and records "for the purpose of verifying the accuracy and reasonable composition of the calculations … ***including*** in the case of Elan ***the sums payable by Acorda to Elan pursuant to Article 5***." *Id*. Without having conducted any discovery as to the underlying negotiations or the parties' understanding of the relevant provisions, Alkermes summarily concludes that any such audit would be impermissible—even if the basis for Alkermes's assessment of royalties were unenforceable under *Brulotte* or for other legal grounds. Alkermes's interpretation cannot prevail, especially under a motion to dismiss standard. Moreover, although the License Agreement is a contract, "New York courts have repeatedly affirmed that a claim for breach of the implied covenant of good faith can stand on its own … where a plaintiff alleges that a defendant has exercised its rights under the contract in bad faith in order to deprive the plaintiff of the fruits of its bargain." *Silvermark Corp. v. Rosenthal & Rosenthal, Inc.,* No. 602026/07, 2008 WL 283187 at *3 (N.Y. Sup. Ct. Jan. 25, 2008).

### 2. Applicable Law Does Not Support Dismissal of Acorda's Damages Claims

Alkermes glosses over the factual bases for Acorda's antitrust, patent misuse, and breach of contract claims, hoping to obtain dismissal prior to discovery by mischaracterizing New York's voluntary payment doctrine. That doctrine bars recovery of ***voluntary*** payments, which are payments made in the absence of wrongdoing or a mistake of material fact or law. *See Dillon v. U–A Columbia Cablevision of Westchester,* 100 N.Y.2d 525, 525 (2003), accord *U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2014 WL 2199428, at *10 (S.D.N.Y. May 23, 2014).

Where, as alleged here, the payment demand is unlawful and the payee has no choice but to accede or face irreparable injury the payment is not "voluntary" and the doctrine does not apply. *See Adrico Realty Corp. v. City of New York*, 250 N.Y. 29 (1928) (the voluntary payment doctrine does not apply in the face of "pressure of circumstances which compels the will of man to yield to an exaction or a payment"). In summary, the doctrine does not apply when payments were made:
- pursuant to a mistake of law or fact, *see, e.g.*, *Kirby McInerney & Squire, LLP v. Hall Charne Burce & Olson, S.C.*, 15 A.D.3d 233, 233 (2005);
- under economic duress or compulsion, *see e.g.* *PHL*, 2014 WL 2199428, at *10; or
- "under an appropriate protest or the circumstances attending the payment demonstrate the payor's intention to preserve the right to dispute the legality of the payee's demand." *Jenoure v. Body Sols. Plus, LLC of Westbury*, 912 N.Y.S.2d 370, 371–72 (2nd Dept. 2010).

Acorda has alleged, and is confident that discovery will bear out, that following expiration of the '938 Patent, Alkermes knowingly continued to seek unenforceable royalties and leveraged onerous restrictions in the Supply Agreement against Acorda to do so. *See* Demand at ¶¶ 32-40. For example, the Supply Agreement restricted Acorda's ability to obtain AMPYRA from an alternate

supplier, and Alkermes knew that any potential or actual disruption to Acorda's supply of AMPYRA would have devastated Acorda. To the extent Alkermes suggests it was unaware that Acorda's payments following expiration of the '938 Patent had been unlawfully assessed or paid in error, then Acorda is entitled to obtain discovery on whether the parties were operating under a mistake of law and/or fact. Whether due to coercion or mistake, Alkermes's wrongfully obtained royalty payments are recoverable under the law.

### 3. There is No Basis to Dismiss Acorda's Claims in View of *Brulotte*, the License Agreement, and Applicable Law

Acorda's claims regarding the return of its overpayments (Third Claim), unjust enrichment (Fourth Claim), and breach of the implied covenant of good faith and fair dealing (Eighth Claim) are cognizable under the law and Acorda is entitled to relief. *Brulotte* prohibits charging royalties for the use of an expired patent. *Brulotte v. Thys Co.*, 379 U.S. 29, 32–34 (1964). Where, as here, those payments were collected based on coercion, or a mistake of law or fact, neither *Brulotte* nor New York's voluntary payment doctrine bar recovery. Further, Acorda's unjust enrichment claim is cognizable as a quasi-contractual restitution-based remedy available where a party has obtained payments "by wrongdoing, illegality, or mistake." *Citipostal, Inc. v. Unistar Leasing*, 283 A.D.2d 916, 919 (4th Dept. 2001).

The post-*Brulotte* cases cited by Alkermes do not support dismissal of Acorda's claims as a matter of law. In each of those cases, the courts weighed the fully developed facts before deciding whether a party may recover improperly assessed royalty payments. Setting aside the fact that none of those cases apply New York law, the facts and circumstances here—as will be demonstrated through fact and expert discovery—are easily distinguishable. In *Zila, Inc. v. Tinnell* the court denied plaintiff's motion for summary judgment for royalties paid under a theory of unjust enrichment because the record showed that plaintiff drafted the ambiguous language that led to its wrongful payment and there was no evidence defendant had acted in bad faith. Order Denying MSJ, No. 2:00-cv-1345, D.E. 172 (D. Nev. April 22, 2004), attached as Exhibit C. In *Tessera, Inc. v. Toshiba Corp.*, the record demonstrated that a refund of royalty payments was not warranted under federal patent law because the validity of the underlying royalty-bearing patents had intentionally not been challenged and *Brulotte* did not apply because "royalty payments were being made willingly on patents believed to be unexpired, valid, and enforceable." 2019 WL 5395158, at *5-*6 (N.D. Cal. Oct. 22, 2019). Finally, in *Phillips Screw Co. v. Amtel, Inc.*, the court recognized that the parties entered the agreement in question *prior* to the decision in *Brulotte*, and under *Massachusetts* law in effect at execution, payment under a mistake of law could not be recovered. In addition, and contrary to Alkermes's presentation of the law, courts do permit a party to recover unlawfully assessed royalties under *Brulotte*. *See, e.g., Finnegan v. Spiegel Farms., Inc.*, 234 Cal. App. 2d 408, 412 (Cal. App. Ct. 1965). Consequently, the cases cited by Alkermes do not require dismissal of Acorda's claims, especially prior to completion of discovery.

**Conclusion:** For the foregoing reasons, Acorda respectfully submits that further briefing on this issue is not warranted and would be an inefficient use of time and financial resources.

Respectfully submitted,

*/s/ John Samuel Gibson*
John Samuel Gibson, Partner

Attorneys for Claimant ACORDA THERAPEUTICS, INC.

cc: Mark Makhail, Esq. (mmakhail@mccarter.com); Counsel for Alkermes