

| | | |
|---|---|---|
| | Brian T. Burgess<br>+1 202 346 4215<br>BBurgess@goodwinlaw.com | Goodwin Procter LLP<br>1900 N Street, N.W.<br>Washington, DC 20036<br><br>goodwinlaw.com<br>+1 202 346 4000 |

February 8, 2023

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Acorda Therapeutics, Inc., Petitioner v. Alkermes, PLC* (No. 1:23-cv-00223)

Dear Judge Buchwald:

  I write pursuant to Rule 2(E)(1) of Your Honor's Individual Practices to summarize the substantive arguments in Respondent Alkermes PLC's memorandum of law in opposition to Petitioner Acorda Therapeutics, Inc.'s Petition to Confirm Arbitral Award in Part and Modify in Part, and the accompanying memoranda of law. Courtesy copies of the opposition papers are being mailed to Your Honor's chambers.

  Acorda's petition asks this Court to "modify" the Arbitral Tribunal's award by ordering Alkermes to pay approximately $65 million that the Tribunal *expressly* declined to award. Acorda's sole basis for that request is its assertion that the Tribunal supposedly acted in manifest disregard of the law by deciding that Acorda was not entitled to a refund of royalties that the Tribunal found Acorda had paid without protest. Acorda's petition should be denied and the Award confirmed without modification because the Award, which was issued by a tribunal of respected former judges following thorough proceedings, rests on ample authority and therefore cannot be second-guessed here. The petition also suffers from numerous procedural failings, including a mismatch between the argument it raises and the remedy it seeks, and Acorda's improper reliance on legal arguments it never presented during the arbitration.

<div align="center">

**BACKGROUND**

</div>

  The parties entered into two agreements—a License Agreement and Supply Agreement—in connection with their development and marketing of the pharmaceutical known as Ampyra®. Acorda was required to pay Alkermes a 10% royalty under the License Agreement for its license to Alkermes's intellectual property, including U.S. Patent No. 5,540,938 ("the '938 Patent"), and an additional 8% payment under the Supply Agreement (which the Tribunal found to be a royalty) for Alkermes to manufacture and supply Ampyra® to Acorda. After the '938 Patent expired in July 2018, Acorda continued to pay both royalties without protest until July 2020. At that time, Acorda first objected that the License Agreement's 10% royalty was unenforceable after expiration of the '938 Patent under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964)—which prohibits charging the same royalties for use of a patent after it

<div align="center">1</div>



Hon. Naomi Reice Buchwald
February 8, 2023
Page 2

has expired—but Acorda never protested the 8% royalty. Alkermes disagreed with that objection. After July 2020, Acorda continued paying the 10% royalty (under protest) and the 8% royalty (without protest) to Alkermes.

After a lengthy arbitration, the Arbitration Tribunal concluded that the ongoing obligation to pay royalties after expiration of the '938 Patent violated *Brulotte*, and it awarded Acorda the royalties it had paid under protest—*i.e.*, the 10% royalty payments starting in July 2020. The Tribunal concluded that New York's "Voluntary Payment Doctrine" ("NYVPD") precluded Acorda from a refund of the remaining royalties it paid without protest. Alkermes has paid Acorda, in full, the approximately $18 million awarded by the Tribunal.

Acorda filed its petition, asking this Court to "modify" the Tribunal's decision to award Acorda the royalties it paid without protest after the '938 Patent expired. Acorda contends that the Tribunal's refusal to award it these payments constitutes a manifest disregard of law.

## SUMMARY OF ALKERMES'S ARGUMENTS

Acorda's petition should be denied for two independent reasons. First, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 11, does not authorize courts to modify arbitral awards by altering the substance of the arbitrators' decision, such as by awarding damages the arbitrators withheld. The manifest disregard of law doctrine, on which Acorda relies, attacks the substance of an arbitral award and therefore cannot support a request for modification under § 11. Second, even if the manifest disregard standard applied here, Acorda has failed to satisfy that doctrine's stringent requirements.

**I.** Acorda seeks only modification of the Award, not vacatur. Section 11 of the FAA provides the exclusive grounds for modifying an arbitral award. Those grounds authorize federal courts to correct non-substantive errors in an arbitral award to conform it to the arbitrators' original intent, not to alter the substance of the award. Acorda's petition does not purport to rely on any of the specific grounds for modification in FAA § 11, and the relief it requests—awarding damages the Tribunal expressly withheld on the basis of extensive briefing and legal argument—would contradict, rather than implement, the Tribunal's intent. Instead, Acorda invokes the "manifest disregard of law" doctrine, which is only applicable to a request to *vacate* an arbitral award under FAA § 10. Thus, the relief Acorda requests and the arguments it puts forward are not cognizable in a petition for modification. *See, e.g.*, *Berkowitz v. Gould Paper Corp.*, 2022 WL 118232, at *2 n.5, *5 (S.D.N.Y. Jan. 12, 2022); *Josephthal & Co. v. Cruttenden Roth Inc.*, 177 F. Supp. 2d 232, 238-39 (S.D.N.Y. 2001).

**II.** Not only is the manifest disregard doctrine inapplicable to Acord's modification request, but Acorda has also failed to satisfy the demanding requirements for that doctrine if it did apply. The manifest disregard doctrine provides a basis to vacate an arbitral award "only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Smarter Tools Inc. v. Chongqing SENCI Import & Export Trade Co.*, 57 F.4th 372, 383 (2d Cir. 2023). The arbitrators must have known of and willfully disregarded law that is clear and explicitly applicable to the matter before the

Case 1:23-cv-00223-NRB   Document 22   Filed 02/08/23   Page 3 of 3



Hon. Naomi Reice Buchwald
February 8, 2023
Page 3

arbitrators. Therefore, a federal court cannot disturb an arbitral award "merely because it is convinced that the arbitration panel made the wrong call on the law," but must enforce an award "if there is a barely colorable justification" for the arbitrators' award. *Wallace v. Buttar*, 378 F.3d 182, 189-90 (2d Cir. 2004). Here, Acorda has not identified any error in the Tribunal's decision—much less a clearly defined rule of law the Tribunal intentionally disregarded.

Acorda insists that *Brulotte* mandates a refund of royalties paid after a licensed patent has expired, but it fails to identify *any* case so holding. By contrast, at least two courts have refused to award such relief, instead only declaring the offending contracts unenforceable *prospectively*—precedent that is fully consistent with the Tribunal's analysis here. Given the state of the case law—with Acorda unable to identify any controlling authority that supports its position and multiple decisions rejecting it—Acorda plainly cannot establish that the Tribunal manifestly disregarded a clearly applicable rule of law in refusing to award Acorda royalties it never objected to paying.

Undaunted, Acorda insists the Tribunal manifestly disregarded the law by applying the NYVPD to limit Acorda's recovery to royalties it paid under protest. Acorda argues that the Tribunal's application of the NYVPD (a) is preempted by federal patent law, (b) disregarded state restitution law, and (c) constitutes the enforcement of an illegal contract in violation of New York public policy. Two of these arguments were never raised during the arbitration proceedings and thus cannot support a claim that the Tribunal manifestly disregarded the law. Indeed, Acorda builds its federal preemption argument around a decision, *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989), that it never cited to the Tribunal. In any event, Acorda's arguments are meritless. Acorda has not identified any case holding that state law doctrines—such as the NYVPD—that limit a claimant's *retrospective* recovery are preempted by federal patent law, nor has Acorda identified any authority to suggest that New York restitution law—a *discretionary* doctrine of state law—displaces the NYVPD. Finally, Acorda's argument that the Tribunal improperly "enforced" the parties' agreements is contradicted by the Award's declaration that both agreements are "unenforceable," and Acorda offers no case law suggesting that the refusal to award *retrospective* relief amounts to "enforcing" a contract.

For these reasons, as fully explained in Alkermes's opposition brief, the Court should deny the petition, reject any modification, confirm the Award, and award Alkermes its costs.

Respectfully submitted,

Brian T. Burgess

Cc: Counsel of Record (via ECF)

3