UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>ACORDA THERAPEUTICS, INC.,<br><br>       Petitioner,<br><br>  v.<br><br>ALKERMES PLC,<br><br>       Respondent. | Case No. 1:23-cv-00223-NRB<br><br>**Oral Argument Requested** |

**REPLY IN SUPPORT OF PETITION TO CONFIRM
ARBITRAL AWARD IN PART AND MODIFY IN PART**

Michael A. Sitzman (*pro hac vice*)
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
T: (415) 615-6175
michael.sitzman@us.dlapiper.com

John S. Gibson (*pro hac vice*)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
T: (310) 595-3039
john.gibson@us.dlapiper.com

James E. Berger
Joshua S. Wan
Tracy Block (*pro hac vice* pending)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
T: (212) 335-4715
james.berger@us.dlapiper.com
joshua.wan@us.dlapiper.com
tracy.block@us.dlapiper.com

*Attorneys for Petitioner Acorda Therapeutics, Inc.*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL ARGUMENT ........................................................................................................ 3

    A. This Court Has the Authority to Modify an Award Rendered in Manifest Disregard of the Law ........................................................................................... 3

    B. This Court Should Modify the Award Based on the Tribunal's Manifest Disregard of the Law ........................................................................................... 5

        1. The Tribunal Has Ruled that Acorda Was Entitled to a Retroactive Remedy for Alkermes's *Brulotte* Violation ................................................. 5

        2. The Tribunal Manifestly Disregarded the Supremacy Clause and the Rule of *Brulotte* by Allowing State Law to Preempt Federal Patent Law After Having Held the State Law Inapplicable Earlier ............ 7

        3. The Tribunal Manifestly Disregarded the Law by Enforcing Contracts That Were Unenforceable as a Matter of Law ........................... 9

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Americas Ins. Co. v. Seagull Compania Naviera, S.A.*,
774 F.2d 64 (2d Cir. 1985) ................................................................................................10

*Arbordale Hedge Invs., Inc. v. Clinton Grp. Inc.*,
1999 WL 1000939 (S.D.N.Y. Nov. 4, 1999) ...................................................................3, 5

*Berkowitz v. Gould Paper Corp.*,
2022 WL 118232 (S.D.N.Y. Jan. 12, 2022) ........................................................................4

*Brulotte v. Thys Co.*,
379 U.S. 29 (1964) ....................................................................................................*passim*

*Chen v. Kyoto Sushi, Inc.*,
2021 WL 1224377 (E.D.N.Y. Apr. 1, 2021) .......................................................................4

*Kimble v. Marvel Entm't, LLC*,
576 U.S. 446 (2015) ...............................................................................................1, 7, 8, 9

*Halligan v. Piper Jaffray, Inc.*,
148 F.3d 197 (2d Cir. 1998) ................................................................................................3

*Hall Street Associates, L.L.C. v. Mattel, Inc.*,
552 U.S. 576 (2008) ....................................................................................................3, 4, 5

*Hardy v. Walsh Manning Sec., L.L.C.*,
341 F.3d 126 (2d Cir. 2003) ..............................................................................................10

*Josephthal & Co. v. Cruttenden Roth Inc.*,
177 F. Supp. 2d 232 (S.D.N.Y. 2001) .................................................................................4

*Leesona Corp. v. Varta Batteries, Inc.*,
522 F. Supp. 1304 (S.D.N.Y. 1981) ....................................................................................8

*LLT Int'l Inc. v. MCI Telecomms. Corp.*,
69 F. Supp. 2d 510 (S.D.N.Y. 1999) ...................................................................................4

*Panos v. Mid Hudson Med. Grp., P.C.*,
204 A.D.3d 1016 (2d Dep't 2022) ......................................................................................4

*Schiferle v. Cap. Fence Co.*,
155 A.D.3d 122 (4th Dep't 2017) .......................................................................................4

*Siegel v. Titan Indus. Corp.*,
    779 F.2d 891 (2d Cir. 1985) (per curiam)..................................................................10

*Silver Ent. LLC v. Rabin*,
    2011 WL 1097548 (S.D.N.Y. Mar. 21, 2011) ...........................................................4

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010)..............................................................................................3, 4, 5

*Three Bros. Trading, LLC v. Generex Biotechnology Corp.*,
    2019 WL 3456631 (S.D.N.Y. July 31, 2019) ...........................................................10

**Statutes**

9 U.S.C. § 10......................................................................................................................3

9 U.S.C. § 11......................................................................................................................4

**Other Authorities**

Black's Law Dictionary (11th ed. 2019).........................................................................10

**I.      INTRODUCTION**

In its Opposition to the Petition ("Opposition," or "Opp.," ECF No. 20), Alkermes seeks to have this Court put its **imprimatur** on an arbitral award that allowed Alkermes to illegally extract over **$65 million** in improper and unlawful patent royalties after Alkermes's patent expired.[1] In *Brulotte* and *Kimble*, the Supreme Court held that such payments are "unlawful *per se*," but the Tribunal invoked a state law doctrine to shield most of those "unlawful" payments. To confirm the Award without modification—which is what Alkermes now requests—disregards the Supremacy Clause and upends the law of preemption.

In its Opposition, Alkermes highlights the fact that Acorda continued to order Ampyra from, and make royalty payments to, Alkermes after the expiration of the '938 Patent. Opp. at 5-6. But as Alkermes is well-aware, it was the sole supplier of Ampyra in June 2018, and Acorda could not risk having Alkermes terminate supply. Thus, to avoid disrupting supply of a vital MS drug to patients, Acorda continued ordering Ampyra from Alkermes. Acorda made the choice to protect its patients and avoid gunpoint litigation when the '938 Patent expired. Despite prevailing in the arbitration and securing an award finding that Alkermes broke the law, Acorda was shocked that the Tribunal allowed Alkermes to retain over **$65 million** in royalty payments after finding that **all** royalties collected after June 2018 were unlawful and in clear violation of *Brulotte*.

Unable to defend that portion of the Award on the merits, Alkermes attacks the procedural mechanism for correcting the Tribunal's error, arguing that manifest disregard of the law is not a basis for modifying an award. But Alkermes's novel procedural challenge is not only inconsistent with the case law, it also ignores the procedural posture of this case. Because Alkermes now seeks

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Memorandum of Law in Support of the Petition ("Memorandum," or "Mem.," ECF No. 3).

to confirm the entire Award, the only dispute is whether the Tribunal manifestly disregarded the law in applying the New York Voluntary Pay Doctrine ("NYVPD") to limit Acorda's damages—especially after the Tribunal had earlier held that the NYVPD is inapplicable. Critically, Acorda does not seek a modification of any factual findings, but a modification of the **outcome** of the Tribunal's correct ruling that a *Brulotte* violation occurred, and how that ruling was applied to Acorda's damages. Alkermes's suggestion that even though the parties' disagreement boils down to a single narrow legal issue—and one the Court can correct on this record—Acorda must nevertheless seek to vacate the Award and redo the arbitration, is illogical and judicially inefficient.

Alkermes's repeated assertion that Acorda's Petition relies on "new" arguments is wrong. The issue regarding recovery of damages during the post-expiration period was raised and thoroughly litigated on at least five separate occasions (summary judgment, motions *in limine*, pre-hearing briefs, pre-hearing letters, and during the hearing). The Tribunal was well-aware of the legal principles and case law that form the basis of the Petition. Indeed, it applied them to reach the correct outcome—"[h]aving resolved that the License Agreement is invalid due to the *Brulotte* violation . . . [a]ll of the payments Acorda made after the '938 Patent expired were improper as Alkermes was no longer to entitled to any royalty payments." Award at 18. But instead of following the controlling federal law and returning all royalties Alkermes illegally collected, the Tribunal applied a state law doctrine (which it previously dismissed) to limit Acorda's recovery. In doing so, the Tribunal allowed state law to preempt federal law and public policy, and it gave effect to agreements that it already determined were unenforceable as a matter of law.

Rather than confirming an award that sanctions the very conduct the Supreme Court has held is illegal, this Court should modify the Award to allow Acorda to recover the $65 million in unlawful royalties demanded and collected after Alkermes's patent expired.

## II. LEGAL ARGUMENT

### A. This Court Has the Authority to Modify an Award Rendered in Manifest Disregard of the Law

Alkermes's primary challenge to the Petition is that a manifest disregard of the law by the Tribunal is not reviewable by the Court under a petition to modify an award. Opp. at 12. Alkermes's procedural challenge fails as a matter of fact and law because courts in this Circuit have long held that in addition to the enumerated grounds for vacatur and modification codified in the FAA, courts may also "modify or vacate an award" rendered in manifest disregard of the law. *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998).

Alkermes asserts that cases decided prior to 2008 in which courts applied the manifest disregard doctrine to petitions to modify, such as *Arbordale Hedge Invs., Inc. v. Clinton Grp. Inc.*, 1999 WL 1000939, at *2 n.4 (S.D.N.Y. Nov. 4, 1999), did not survive the Supreme Court's decision in *Hall Street*. Opp. at 14 n.9. However, two years after *Hall Street*, the Court made clear that it did not overturn prior cases applying the doctrine. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010) ("We do not decide whether 'manifest disregard' survives our decision in *Hall Street*, as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10."). And while the *Stolt-Nielsen* Court ultimately affirmed the vacatur of the award under Section 10(a)(4) of the FAA, it found that the manifest disregard standard was **independently** satisfied. *Id*. Noting that the standard "requir[es] a showing that the arbitrators 'knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it,'" the Court found the standard was "satisfied" where the tribunal declined to follow the applicable rule and proceeded "as if it had the authority of a common-law court to develop what it viewed as the best rule to be applied in such a situation." *Id*. at 672 n.3, 673-74.

3

Since *Stolt-Nielsen*, federal and state courts in New York have continued to apply manifest disregard to **both** petitions to vacate and to modify. *See Silver Ent. LLC v. Rabin*, 2011 WL 1097548, at *4-5 (S.D.N.Y. Mar. 21, 2011) ("In addition to the express grounds for vacating, modifying, or correcting an award set forth in 9 U.S.C. §§ 10 and 11, the Second Circuit has recognized implied grounds for modification or vacatur of an arbitral award where the award is in 'manifest disregard' of the terms of the agreement or of the law."); *Chen v. Kyoto Sushi, Inc.*, 2021 WL 1224377, at *3 n.6 (E.D.N.Y. Apr. 1, 2021) ("Section 11 of the FAA provides the exclusive grounds for modification of an arbitrator's decision," but "[i]n extraordinary circumstances, the Court may also modify or vacate an arbitration award when an arbitrator committed manifest disregard of the law"); *Panos v. Mid Hudson Med. Grp., P.C.*, 204 A.D.3d 1016, 1018 (2d Dep't 2022) (quoting standard "[t]o modify or vacate an award on the ground of manifest disregard of the law"); *Schiferle v. Cap. Fence Co.*, 155 A.D.3d 122, 127 (4th Dep't 2017) (same).

Alkermes's other authorities are inapposite. In those cases, the courts determined that they could not modify awards in which arbitrators exercised their discretion to deny claims for certain categories of damages, including costs and fees. Opp. at 13 (citing *Berkowitz v. Gould Paper Corp.*, 2022 WL 118232, at *4 (S.D.N.Y. Jan. 12, 2022); *LLT Int'l Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 517 (S.D.N.Y. 1999)). But this is not a case in which the Tribunal chose between alternative damages models in an exercise of discretion. Mem. at 16-17. The Tribunal instead applied state law in a manner that contravened federal law to limit Acorda's damages.

Alkermes relies on *Josephthal & Co. v. Cruttenden Roth Inc.*, 177 F. Supp. 2d 232, 239 (S.D.N.Y. 2001)—a case decided well before *Hall Street* and *Stolt-Nielsen*—for the proposition that manifest disregard will "never justify a request to modify an arbitration award, only as grounds to vacate." Opp. at 14. But *Josephthal* is not only inconsistent with decisions that have long

4

applied manifest disregard to petitions to modify (see Arbordale, 1999 WL 1000939, at *2), it stands alone.  Alkermes has cited no other case in this Circuit, let alone a controlling one, that has adopted this sweeping position.  Accordingly, this Court should decline to follow a district court decision that cannot be reconciled with Hall Street, Stolt-Nielsen, and the New York federal and state court decisions applying manifest disregard to both petitions to vacate and to modify.

Finally, Alkermes accuses Acorda of "fram[ing]" its Petition as one to modify the Award as a "strategic" decision.  Opp. at 12.  But Alkermes's allegations of "gamesmanship" ignore how little of the Award requires modification.  Because Alkermes has now requested that the Court confirm the entire Award, there is no dispute that the Tribunal ruled in favor of Acorda and found that Alkermes committed a Brulotte violation, that Acorda was entitled to damages, and that "[a]ll of the payments Acorda made after the '938 Patent expired were improper as Alkermes was no longer [] entitled to any royalty payments."  Award at 18; Opp. at 4.  Alkermes's suggestion that the correct procedural approach would have been for Acorda to seek to vacate the entire Award and redo the arbitration, Opp. at 3, 13-15, is not only illogical, but it would be impractical and highly inefficient given that neither party challenges the Tribunal's factual findings and where the legal substance of the Award was correctly decided save for its final determination of damages.

    **B.**    **This Court Should Modify the Award Based on the Tribunal's Manifest Disregard of the Law**

        **1.**    **The Tribunal Has Ruled that Acorda Was Entitled to a Retroactive Remedy for Alkermes's *Brulotte* Violation**

Alkermes's substantive challenge to the Petition mischaracterizes Acorda's argument.  Alkermes erroneously asserts that "Acorda tries to rewrite Brulotte" and to "extend Brulotte in a novel way" to permit recovery of restitution damages.  Opp. at 17.  However, Acorda's request to modify the Award is directed not to whether Acorda is **entitled** to repayment, but to the Tribunal's calculation of the **amount** of restitution damages.  Pet. at 14-17.  The Tribunal has already

5

unequivocally held that Acorda was entitled to repayment of illegal royalties as a result of Alkermes's *Brulotte* violation, having awarded damages to Acorda based on its finding that "[a]ll of the payments Acorda made after the '938 Patent expired were improper as Alkermes was no longer entitled to any royalty payments." Award at 18. However, in its determination of how much of the improper royalties Acorda was entitled to recover, the Tribunal applied a state law doctrine that it previously held was not applicable in manifest disregard of the law and allowed Alkermes to keep approximately 80% of those illegal royalties. Award at 17-18; Pet., Annex A.²

Despite requesting that the Court confirm the Award in its entirety, Alkermes challenges the merits of the Tribunal's ruling, arguing that "*Brulotte* and its progeny do not recognize a retroactive remedy, such as a refund of royalties." Opp. at 17. But the Tribunal squarely rejected this very argument, ruling in its SJ Opinion that it was "not persuaded by Alkermes' arguments"—the same ones raised in the Opposition—"that a finding of a *Brulotte* violation would simply nullify the royalty obligation" and not provide for refunds of payments. SJ Opinion at 11-12; ECF No. 21-5 at 15-16 (citing cases discussed in Opp. at 17-18). The Tribunal held that "if Acorda is successful on its *Brulotte* claim it could also be entitled to recover unjust enrichment/restitution damages for the time following that date because its performance under the License and Supply agreements would have been pursuant to an unenforceable provision." SJ Opinion at 12. The Tribunal made clear in the SJ Opinion and the Award that Acorda is entitled to restitution damages for payments it made after the expiration of the '938 Patent. SJ Opinion at 11-12; Award at 17. Alkermes cannot relitigate the Tribunal's ruling, particularly as it now seeks to confirm the Award.

---

² Alkermes asserts that Acorda never argued that its Demand for Arbitration was a formal protest, yet insists it rebutted this argument when it "thoroughly explained why Acorda's Demand could not constitute a formal protest of the 8% royalty under the Supply Agreement." Opp. at 11 n.7. Putting this contradiction aside, the fact that the Tribunal disregarded Acorda's Demand—which challenged the payment of all post-expiration royalties and sought a refund of royalties under both Agreements, and was clearly a form of "protest"—illustrates how far the Tribunal was willing to go to deny Acorda its full damages despite finding that Alkermes had violated *Brulotte*.

6

### 2. The Tribunal Manifestly Disregarded the Supremacy Clause and the Rule of *Brulotte* by Allowing State Law to Preempt Federal Patent Law After Having Held the State Law Inapplicable Earlier

As Acorda established, the Tribunal's application of the NYVPD manifestly disregarded the law by allowing state law to preempt federal law and public policy. Mem. at 17-19.

Alkermes contends that Acorda never raised a preemption argument before the Tribunal, noting that Acorda did not previously cite *Bonito Boats* in the arbitration. Opp. at 19-20. Not true. The controlling federal patent laws and public policy underlying them were argued throughout the arbitration, and were front and center in *Brulotte* and *Kimble*. As reflected in the Award, Alkermes argued extensively for various exceptions to those laws and policies, but did not prevail on any of them. The rule against circumventing federal patent law and underlying public policies was squarely before, and clearly known by, the Tribunal. In fact, *Kimble*—a key case that was extensively argued and cited throughout the Award—addressed conflicts between federal patent laws and state laws and cited *Bonito Boats*, *Sears, Roebuck & Co.*, and *Compco Corp*. *See Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 451-452 (2015) ("This Court has carefully guarded [the patent expiration] cut-off date…. In case after case, the Court has construed those laws to preclude measures that restrict free access to formerly patented [] inventions. In one line of cases, we have struck down state statutes with that consequence." (citing *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230-233 (1964); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 152, 167-168 (1989); *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, 237-238 (1964))).[3]

---

[3] Alkermes also overlooks the impact of the Tribunal's interim rulings. Because the Tribunal ruled that "the NYVPD does not have any implication for this Arbitration," SJ Opinion at 13, Acorda could not have expected the Tribunal to revive the state law doctrine in the Award. Alkermes's assertion that Acorda distorts the Tribunal's ruling on the NYVPD, Opp. at 23, is wrong, as Acorda simply quoted the Tribunal, Mem. at 16; SJ Opinion at 13. In fact, the Tribunal explained that it "need not address the Parties' arguments pursuant to the New York Voluntary Pay Doctrine ("NYVPD") in detail." SJ Opinion at 12. Prior to the hearing, Alkermes also requested that the Tribunal exclude evidence regarding damages prior to the date of protest, and the Tribunal summarily ruled that it would not accept further briefing or argument on the scope of damages. ECF No. 6-7, 6-9.

There can be no doubt that this Tribunal was well-aware, over many rounds of briefing and oral argument, of the governing law and policy. As *Kimble* made clear: "Any attempt to limit a licensee's post-expiration use of the invention, '**whatever the legal device employed**, runs counter to the policy and purpose of the patent laws.'" *Kimble*, 576 U.S. at 453 (citing *Brulotte*, 379 U.S. at 33) (emphasis added). The fact that the Tribunal denied Alkermes's use of the parties' contract to limit Acorda's post-expiration use of the '938 Patent illustrates that it very clearly knew and understood that under *Brulotte* and its progeny, no "legal device," whether a private contract or a state law, could limit post-expiration use of a patent. Award at 8-10.

But even though the Tribunal was clearly aware of this legal principle, having applied it to find Alkermes liable, it ignored this same principle when calculating the amount of damages to which Acorda was entitled. Despite ruling that Acorda was entitled to recover unlawful royalties, it applied a different legal device, a state law doctrine, to allow Alkermes to retain $65 million in unlawful payments it collected from Acorda after the '938 Patent expired. Award at 18. In so ruling, the Tribunal allowed Alkermes to extend the term of the '938 Patent's monopoly vis-à-vis Acorda in clear violation of, and in direct conflict with, the law and policy set forth in *Brulotte*, its progeny, and the federal patent laws, which prohibit "[a] patent holder [from using] the grant of a license as means of extending the lawful term of the patent monopoly." *Leesona Corp. v. Varta Batteries, Inc.*, 522 F. Supp. 1304, 1342 (S.D.N.Y. 1981); *see also* ECF No. 21-7 at 4.

Alkermes further asserts that there was no conflict between the underlying policy of the patent laws and the application of the NYVPD because generics began entering the market after the '938 Patent expired and thus Alkermes could not have restricted free access or "substantially interfere[d] with the public's ability to utilize the extended-release formulation."[4] Opp. at 21. But

---

[4] Alkermes's argument that *Bonito Boats* is "factually distinguishable," Opp. 21-22, is also wrong. *Bonito Boats*

8

Alkermes ignores that Acorda and its customers (unlike the generics entering the market) remained at the mercy of the unlawful agreement with Alkermes, owing Alkermes an 18% royalty on all net sales.  Award at 8.  Due to the continuing royalty, Acorda was forced to maintain its price for Ampyra in the range of $1,794 - $2,080 per bottle, despite the expiration of the '938 Patent and the entry of generics, whereas generics could charge between $73 - $88 per bottle.  ECF No. 6-10 at 50.  This resulted in an **811.11% profit for Alkermes** from the sale of Ampyra, compared to Alkermes's estimate of a 40% profit from the estimated sale of generics.  ECF No. 6-10 at 118.  As the *Kimble* Court stated, "[a]llowing even a single company to restrict its use of an expired [] patent … 'would deprive … the consuming public of the advantage to be derived' from free exploitation of the discovery."  *Kimble*, 576 U.S. at 452.  That is exactly what happened here.  Rather than allowing Acorda to pass on to its patients the "advantage derived from the free exploitation of" Ampyra without the royalty cost of the '938 Patent, Alkermes pocketed a **$65 million windfall**.  This outcome cannot be allowed to stand, nor should this Court allow Alkermes to set a precedent for enforcing illegal licensing agreements in New York going forward.[5]

### 3. The Tribunal Manifestly Disregarded the Law by Enforcing Contracts That Were Unenforceable as a Matter of Law

Alkermes also fails to rebut Acorda's argument that the Award manifestly disregarded the law against enforcing unlawful contracts.

First, it is beyond dispute that Acorda raised this argument with the Tribunal.  Alkermes makes a half-hearted attempt to characterize Acorda's argument that the Tribunal could not give

---

addresses a conflict between a state law and the federal patent laws, which is the precise conflict here, *i.e.*, the conflict between *Brulotte* and its progeny and the NYVPD.  *Bonito Boats*, 489 U.S. at 152; Mem. at 17-19.

[5] Alkermes devotes an entire section of its Opposition to rebutting an argument that Acorda never made.  Opp. at 22-23.  Acorda did not argue that "state restitution law displaces the NYVPD," but rather that the NYVPD had no application to the issues in the arbitration, a position that the Tribunal initially adopted, before later reviving the doctrine in the Award to limit Acorda's damages.  SJ Opinion at 13.

effect to an unlawful contract as "cursory." Opp. at 23 n.13. But Acorda clearly explained in its pre-hearing letter to the Tribunal that because the Tribunal had not yet determined whether the Agreements were unlawful *per se* prior to the hearing, it plainly had not decided whether Alkermes could retain the royalties it collected after the '938 Patent expired. Acorda argued that "[a]ccording to Alkermes, the Panel has already decided that if there is a *Brulotte* violation, it will nonetheless give full force and effect to an unlawful provision up to and including July [2020]. Acorda does not believe that this is what the Panel intended." ECF No. 6-8 at 2-3. The Tribunal was thus well-aware of the principle that it could not enforce an unlawful contract.

Second, Alkermes, tellingly, does not actually dispute any of the case law that provides that courts will not enforce illegal contracts. Opp. at 24. Instead, Alkermes's only response is that "the Tribunal **did not enforce** the License Agreement or the Supply Agreement" because it "deemed both Agreements '**unenforceable**.'" *Id*. (emphasis in original). This is a pure tautology. Plainly, by allowing Alkermes to retain the royalties it demanded and collected after July 2018, the Tribunal enforced, **or gave effect to**, the royalty provisions of the Agreements. *See* Black's Law Dictionary (11th ed. 2019) (defining "enforce" as "[t]o give force or effect to"). Moreover, as discussed above, the Award gave effect to the Agreements by offering patent-like protection to Alkermes's expired patent, which forced Acorda to maintain high prices for Ampyra.

### III. CONCLUSION

For the foregoing reasons, Acorda respectfully requests that the Petition be granted. To the extent the Court is not inclined to modify the Award to correct the Tribunal's error, it may remand to the Tribunal for a further determination of damages with instructions that the NYVPD does not apply and that damages should be awarded from the date the '938 Patent expired.[6]

---

6   Courts "may remand awards to arbitrators to clarify the meaning or effect of an award." *Siegel v. Titan Indus.*

10

Dated: February 22, 2023
       New York, New York

                                          Respectfully submitted,

                                          /s/ James E. Berger
                                          James E. Berger
                                          Joshua S. Wan
                                          Tracy Block (*pro hac vice* pending)
                                          DLA Piper LLP (US)
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          T: (212) 335-4715
                                          james.berger@us.dlapiper.com
                                          joshua.wan@us.dlapiper.com
                                          tracy.block@us.dlapiper.com

                                          Michael A. Sitzman (*pro hac vice*)
                                          DLA Piper LLP (US)
                                          555 Mission Street, Suite 2400
                                          San Francisco, CA 94105
                                          T: (415) 615-6175
                                          michael.sitzman@us.dlapiper.com

                                          John S. Gibson (*pro hac vice*)
                                          DLA Piper LLP (US)
                                          2000 Avenue of the Stars
                                          Suite 400 North Tower
                                          Los Angeles, CA 90067
                                          T: (310) 595-3039
                                          john.gibson@us.dlapiper.com

                                          *Attorneys for Petitioner Acorda Therapeutics, Inc.*

---

*Corp.*, 779 F.2d 891, 894 (2d Cir. 1985) (per curiam). Remand is appropriate "so that the court will know exactly what it is being asked to enforce." *Americas Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985); *see also Hardy v. Walsh Manning Sec., L.L.C.*, 341 F.3d 126, 133-34 (2d Cir. 2003) (remanding where the court was "reluctant to announce that the Award is void outright as written," but where the court held that the award was rendered in manifest disregard of the law because the arbitrators clearly misapplied the law by imposing *respondeat superior* liability on a fellow employee of a wrongdoer, and therefore the award could not be enforced as written); *Three Bros. Trading, LLC v. Generex Biotechnology Corp.*, 2019 WL 3456631, at *3 (S.D.N.Y. July 31, 2019) ("An arbitration award may be remanded back to the Arbitrator for clarification if the 'award is incomplete or ambiguous' and the court 'is unable to discern how to enforce it.'" (citations omitted)).